IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL ALONZA RUFUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-065 |
| | ) | |
| FREDERICK HEAD, Warden, and HOMER BRYSON, | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Petitioner requests federal habeas corpus relief, challenging a judgment of conviction entered in the Superior Court of Walton County, which is located in the Middle District of Georgia. (Doc. no. 1.) Although the petition seeks relief typical of a petition under §2254, Petitioner contends his petition is properly brought under § 2241 and strenuously objects to any characterization of it as being a § 2254 petition. (See doc. no. 1, p. 2.) Regardless of the proper characterization, venue is proper in the Middle District because it is the practice of this Court to transfer an action attacking a conviction to the district in which the original proceedings were conducted. See 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001) ("While 28 U.S.C. § 2241(d) permits state prisoners to file habeas petitions either in the district in which they were convicted or the district in which they are then confined, it also authorizes these courts to transfer such cases from one to the other."); Bell v. Watkins, 692 F.2d 999, 1013 (5th Cir. 1982) (approving transfer of § 2254 petition from district of incarceration to district where petitioner was convicted). Therefore,

the Court **ORDERS** the transfer of this action to the United States District Court for the Middle District of Georgia, Athens Division, for further consideration and **DIRECTS** the Clerk to immediately forward the file to that District.

SO ORDERED this _6th_ day of December, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE