## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

MICHAEL ALONZA RUFUS,          :
                               :
           Petitioner,          :
VS.                            :          NO. 3:17-CV-00168-CDL-CHW
                               :
Warden WALTER BERRY,           :
                               :
           Respondent.          :
_____  :

## <u>ORDER</u>

Presently pending before the Court is *pro se* Petitioner Michael Alonza Rufus's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 65).  Petitioner appears to be appealing the Court's order denying Rule 60(b) relief (ECF No. 60).  The appeal of a denial of a Rule 60 motion requires a certificate of appealability ("COA").  *Gonzales v. Sec'y for Dep't of Corrs.*, 366 F.3d 1253, 1263 (11th Cir. 2004) (en banc).  Although Petitioner has not expressly moved for a COA, his notice of appeal will be liberally construed as an implied motion for a COA.  *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997) (per curiam).

"In order to obtain a COA, the petitioner must make 'a substantial showing of the denial of a constitutional right.'"  *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (quoting 28 U.S.C. § 2253(c)(2)).  Requiring the petitioner to make such a showing demonstrates that the appeal has "a threshold quantum of merit" to proceed.  *Id.*  "In the context of a denial of a Rule 60(b) motion, a substantial showing that the district court abused its discretion indicates that the appeal has the threshold quantum of merit to go

forward." *Id.*  Thus, a COA should issue only where the petitioner can show that jurists of reason would find it debatable (1) that "the district court abused its discretion in denying the Rule 60(b) motion," and (2) that "the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right."  *Id.*; *see also Lindsey v. Thigpen*, 875 F.2d 1509, 1512 (11th Cir. 1989) (holding that a certificate of probable cause should issue only where petitioner makes "a substantial showing" that the court "abused its discretion by denying the Rule 60(b) motion"). Petitioner, whose Rule 60 motion was based largely on legal theories that are universally recognized as frivolous, has failed to make this showing here.  Accordingly, Petitioner is **DENIED a COA,** and his pending motion for leave to proceed *in forma pauperis* (ECF No. 65) is **DENIED as moot.**

**SO ORDERED**, this 9th day of November, 2020.

 S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA